# 14-1274-PR

IN THE

## United States Court of Appeals

### FOR THE SECOND CIRCUIT



FRANK VESSA,

*Plaintiff-Appellant,*

*v.*

CITY OF WHITE PLAINS, CITY OF WHITE PLAINS POLICE DEPARTMENT,
DETECTIVE LIEUTENANT ERIC FISCHER, CHIEF JAMES M. BRADLEY,
WESTCHESTER COUNTY,

*Defendants-Appellees,*

*and*

JOHN DOE 1-10, said names being fictitious and presently unknown, MARY DOE 1-10,
said names being fictitious and presently unknown, WESTCHESTER COUNTY DISTRICT
ATTORNEY'S OFFICE, JOHN ROE 1-10, said names being fictitious and presently
unknown, persons intended on being assistant district attorneys and/or personnel of
Westchester County, MARY ROE 1-10, said names being fictitious and presently
unknown, persons intended on being assistant district attorneys and/or personnel of
Westchester County,

*Defendants.*

———————————

*On Appeal from the United States District Court
for the Southern District of New York (White Plains)*

## BRIEF AND SPECIAL APPENDIX
## FOR PLAINTIFF-APPELLANT FRANK VESSA

RONAI & RONAI, LLP
*Attorneys for Plaintiff-Appellant
 Frank Vessa*
The Ronai Building
34 Adee Street
Port Chester, New York 10573
914-937-1519

# TABLE OF CONTENTS

**Page**

STATEMENT OF JURISDICTION......................................................................1

STATEMENT OF ISSUES AND STANDARD OF REVIEW ..............................2

    Issue on Appeal ...........................................................................................2

    Standard of Review ......................................................................................2

STATEMENT OF THE CASE...........................................................................4

SUMMARY OF ARGUMENT ..........................................................................9

ARGUMENT ...................................................................................................10

    THE MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)
    SHOULD NOT HAVE BEEN GRANTED.............................................10

        A.   Factual Allegations are contained in the Amended
            Complaint ....................................................................11

        B.   Extraneous documents should have been considered. .......................19

        C.   The District Court held the Plaintiff's allegations to a
            higher legal standard ....................................................22

        D.   The District Court Erred in Dismissing the Fourth
            Amendment Claim .......................................................25

        E.   The District Court erred in dismissing the abuse of
            process claim ...............................................................28

        F.   The District Court erred in finding that plaintiff failed
            to plead a Due Process Claim .........................................30

        G.   The District Court erred in failing to consider the
            State Court Claims........................................................32

CONCLUSION AND RELIEF SOUGHT ............................................................... 33

CERTIFICATE OF COMPLIANCE....................................................................... 34

# TABLE OF AUTHORITIES

**Page**

## Cases

Achtman v. Kirby, McInerny & Squir LLP, 464 F. 3d 328
(2nd Cir 2006) ........................................................................................2, 9, 10

Aschcroft v. Iqbal, 129 S.Ct 1937 (2009)..........................................................*passim*

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ...........................................*passim*

Carnegie-Melon Univ. v. Cohill, 484 U.S. 342 (1988) ...........................................32

Chambers v. Time Warner, Inc. 282 F.3d 147 (2d Cir. 2002)................................20

Cook v. Sheldon, 41 F.3d 73 (2nd Circ. 1994).......................................................30

Cortec Indus., Inc. v. Sum Holding, LP 949 F2d 42 (2d Cir 1991) .......................21

Curiano v. Suozzi, 63 N.Y. 2d 113 (1984) .............................................................30

Dean v. Kochendorfer, 237 N.Y. 384 ....................................................................30

Golino v. City of New Haven, 950 F2d 864 (2d Cir. 1991) ...................................28

Int'l Audiotext Network 62 F3d at 72 ....................................................................21

Kolari v. N.Y. Presbyterian Hospital, 455 F.3d 118 (2d Cir. 2006).......................32

Komlosi v. New York State Office of Mental Retardation and
Developmental Disabilities, 64 F.3d 810 (2d Cir. 1995)....................................1

Kramer v Time Warner, Inc., 937 F2d 767 (2d Cir. 1991)....................................20

Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982) ...............................................12

Lukowski v. County of Seneca 2009 WL 467075 (W.D.N.Y. 2009) ....................30

<u>Martinez v. City of Schenectady</u>, 115 F.3d 111 (2d Cir. 1997) ..............................28

<u>Monroe v. Pape</u>, 365 U.S. 167 (1961) ......................................................................12

<u>Pani v. Empire Blue Cross Blue Sheild</u>, 152 F.3d 67 (2d Cir. 199)........................20

<u>Parratt v. Taylor,</u> 451 U.S. 144 (1970) ....................................................................12

<u>Rivera v. United States</u>, 928 F2d 592 (2d Cir. 1991) ...............................................28

<u>Smith v. Westchester</u>, 769 F. Supp. 2d 448 (S.D.N.Y. 2011) ..................................20

<u>Soares v. Connecticut</u>, 8 F3d 917 (2d Cir. 1993) .....................................................28

<u>Still v. DeBuono</u>, 101 F.3d 888 (2nd Cir. 1996) ..................................................2, 10

<u>United States v. Classic</u>, 313 U.S. 299 (1941)..........................................................12

<u>West v. Atkins</u>, 487 U.S. 42 (1988) ..........................................................................12

**Statutes**

42 U.S.C. §1983 ...............................................................................................*passim*

42 U.S.C. §1985 ..............................................................................................4, 10, 31

42 U.S.C. §1986 ..............................................................................................4, 10, 31

42 U.S.C. § 1988 .............................................................................................4, 10, 31

Penal Law §156.00(1) ..........................................................................................5, 18

Penal Law §156.00(3) ..........................................................................................5, 18

Penal Law §170.10................................................................................................4, 17

Penal Law §190.25................................................................................................5, 18

**Rules**

FRCP 8 .............................................................................................................21, 24, 26

FRCP 12(b)(6).............................................................................1, 2, 8, 10

FRCP 201 ...........................................................................................20

## STATEMENT OF JURISDICTION

The Plaintiff filed a Complaint in the U.S. District Court for the Southern District of New York which states that jurisdiction is based upon a Federal Question.  (Joint Appendix ["JA"] A10)

By Memorandum and Order dated March 27, 2014, Judge Edgardo Ramos, insofar as relevant to this appeal, granted defendant THE CITY OF WHITE PLAINS and defendant WESTCHESTER COUNTY's motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b) (6). (JA 568-585)

The U.S. Court of Appeals for the Second Circuit has jurisdiction to hear the Plaintiff's interlocutory appeal based upon the collateral order doctrine. See Komlosi v. New York State Office of Mental Retardation and Developmental Disabilities, 64 F.3d 810, 812, 814-815 (2d Cir. 1995).

## STATEMENT OF ISSUES AND STANDARD OF REVIEW

<u>Issue on Appeal</u>

A. Did the District Court err in granting granted defendant THE CITY OF
WHITE PLAINS and defendant WESTCHESTER COUNTY's motion to
dismiss the Amended Complaint pursuant to Federal Rule of Civil
Procedure 12(b) (6). (JA 568-585) by using a higher standard of review
than the Supreme Court in <u>Aschcroft v. Iqbal</u>, 129 S.Ct 1937, 1949
(2009) and other Second Circuit case law including. <u>Achtman v. Kirby,
McInerny & Squir</u> LLP, 464 F. 3d 328 (2nd Cir 2006) .

<u>Standard of Review</u>

In deciding a Rule 12(b)(6) motion to dismiss the court must assume the
truth of the factual allegations contained in the Complaint and must draw all
reasonable inferences against the movant. See, e.g. <u>Achtman v. Kirby, McInerny
& Squir</u> LLP, 464 F. 3d 328 (2nd Cir 2006); <u>Still v. DeBuono</u>, 101 F.3d 888 (2nd
Cir. 1996)

However, "to survive a motion to dismiss, a complaint must contain
sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible
on its face.'" <u>Aschcroft v. Iqbal, 129 S.Ct 1937, 1949 (2009)</u> (quoting <u>Bell Atl.
Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Id.

[Emphsis added]  Detailed factual allegations are not required to be pled, but a

plaintiff's entitlement to relief requires more than labels and conclusions or a

formulaic recitation of the elements of a cause of action. Twombly 550 U.S. at

555.

## STATEMENT OF THE CASE

In so far as it is relevant to the appeal, Plaintiff alleges that this action is to redress the deprivation under color of statute, ordinance, regulation custom or usage of a right, privilege and immunity secured to the plaintiff, Frank Vessa, by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. §1983, 1985, 1986 and 1988), the Civil Rights Act, and under the law and statutes of the State of New York.

Frank Vessa, hereinafter, Plaintiff is a detective in the White Plains Police Department ("WPPD") and has been a member of the force for 19 years. On March 1, 2011, defendant Lt. Eric Fischer himself, rather than the Internal Affairs officer, caused an internal affairs investigation to be opened regarding three anonymous postings that were previously posted on a blog on the Journal News website regarding the former Mayor of White Plains, Adam Bradley, who resigned as Mayor. The postings were apparently made under the screen name "ltfischer." Thereafter, Lt. Fisher announced at a WPPD detective's meeting, to all in attendance, that he had opened an Internal Affairs investigation to determine who made the anonymous posting on the Journal News website.

On June 17, 2011, the defendants, improperly and illegally procured a search warrant for the private home of Plaintiff, located in Thornwood, NY for alleged evidence of violations of Forgery in the Second Degree (Penal Law §170.10) and

Criminal Impersonation in the Second Degree (Penal Law §190.25)  Further, the search warrant allowed for the seizure of "Any and all computers as that term is defined in Penal Law §156.00(1); any and all documents, either tangible or computer data (as defined in Penal Law §156.00(3)), concerning "Eric Fischer"; any and all records of ownership and/or authorship residing on the seized computers that would be useful in ascertain the ownership and controls of the computer; and any and all information present on the computers that would reveal any prior unauthorized use of the computers via 'trap door hacking programs." (A152-153)  Said warrant was signed by White Plains City Court Judge Eric Press.

On June 21, 2011, at approximately 6:00A.M., four unidentified members of the Westchester County District Attorney's Office arrived at Mr. Vessa's home wearing tactical bullet proof vests with the words "POLICE" emblazoned on its back and with their weapons prominently displayed.  At that time, they showed him the search warrant and told him that they needed to search his computers. Plaintiff's wife and three year old child were also at home at that time.  At that time, Plaintiff inquired about the search and was told by the members of the Westchester County District Attorney's Office that it was related to "postings on the internet."  They also told him that "we don't want to be here.  We're here because your department came to us."  They also stated to Plaintiff that "it's not a criminal matter, it's a civil matter."  When Plaintiff asked what that meant, the

members of the Westchester County District Attorney's Office said to Plaintiff "I'm not sure how much of this is a problem between a supervisor and you or something … but we don't want to be here." And advised him to "get a lawyer." They then seized Mr. Vessa's desktop computer, laptop iPad and external hard drive.

Minutes after the search was conducted, Lt. Fitzmaurice, internal affairs officer of the "WPPD," arrived at Plaintiff's home. He asked Plaintiff to turn over his badge and guns, including his personal firearms. When Plaintiff asked why, Lt. Fitzmaurice told him that "The chief is concerned that you may hurt yourself," in which Plaintiff replied "well, tell the chief I'm fine." Further, he was advised by Lt. Fitzmaurice that he was suspended from duty and directed him to turn over his weapons, shield ID and key to the police department premises. Plaintiff's shield and duty weapon were already in his department locker, however, he turned over four personal handguns that he had in his home.

Plaintiff remained on suspension from duty until July 15, 2011, when WPPD informed him that he could come back to work, but that he would have to work "inside" and that his on-duty and personal firearms would not be returned until after the "criminal investigation was resolved." Plaintiff's personal firearms were not returned to him by the WPPD until December 2012. Plaintiff's desktop computer, laptop, iPad and hard driver were finally returned thereafter.

6

No criminal charges were ever filed against the Plaintiff.

Notices of Claim were served on Defendant Westchester County (hereinafter "County") and Defendant City of White Plains (hereinafter "City") on September 16, 2011. Statutory 50-H hearings of Plaintiff were conducted by the City and County defendants on December 7, 2011 and December 15, 2011, respectively. He testified to all the occurrences, including but not limited to, the comments made by the members of the Westchester County District Attorney's Office at his home on June 21, 2011.

On March 26, 2012, an Order to Show Cause and petition for pre-action discovery was filed in the New York Supreme Court by Plaintiff seeking disclosure of the probable cause affidavits and any other documents accompanying and supporting the issuance of the relevant search warrant, as well as for depositions of defendant Lt. Eric Fischer (Hereinafter "Fischer"), defendant Chief Bradley, (Hereinafter, "Bradley"), Lt. Fitzmaurice and Andrew Grascia, an investigator for the Westchester County District Attorney's Office, who submitted the search warrant to the judge. The first judge assigned, Honorable Lester B. Alder, recused himself from the matter and the matter was then reassigned to Honorable Mary H. Smith. On June 27, 2012, Plaintiff's petition was denied, finding he did not satisfy the very high burden associated with pre-action disclosure.

On September 19, 2012, a Summons and Complaint was filed in the United States District Court, Southern District of New York.  On February 13, 2013, at a Court conference Plaintiff was verbally granted leave to file an Amended Complaint, however, no preliminary discovery was permitted.  On March 13, 2014, the Plaintiff filed an Amended Complaint.  On June 14, 2013, defendants "County" and "City" filed their Motions to dismiss the Amended Complaint pursuant to FRCP 12(b)(6).  Affirmations in Opposition and Reply papers were thereafter submitted.

On March 27 2014, despite the fact that no preliminary discovery had been permitted in this case and thus, Plaintiff did not have access to the underlying probable cause affidavits(s), Honorable Edgardo Ramos issued an Opinion and Order, which granted defendants' motions to dismiss.  The District Court dismissed the 42 U.S.C. § 1983, claims for violations of Plaintiff's First, Fourth and Fourteenth Amendment rights against Defendants FISCHER and BRADLEY.  Lastly, as all federal claims were dismissed before trial, the district court declined to exercise supplemental jurisdiction over the state law claims.

8

## SUMMARY OF ARGUMENT

That the District Court erred in finding that the Amended Complaint is devoid of any allegations of constitutional violations by an individual defendant, a Fourth Amendment claim or a Due Process Claim.  That the District Court erred in not considering the extraneous documents that referred directly to the facts alleged in the Amended Complaint.  Further, that the District Court held the allegations in the Amended Complaint to a higher legal standard of review than the Supreme Court in Aschcroft v. Iqbal, 129 S.Ct 1937, 1949 (2009) and other Second Circuit case law including  Achtman v. Kirby, McInerny & Squir LLP, 464 F. 3d 328 (2nd Cir 2006).  Finally, that the District Court erred in dismissing the abuse of process claim and the State Court actions.

## ARGUMENT

## THE MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) SHOULD NOT HAVE BEEN GRANTED

In deciding a Rule 12(b)(6) motion to dismiss the court must assume the truth of the factual allegations contained in a complaint and must draw all reasonable inferences against the movant.  See, e.g.  Achtman v. Kirby, McInerny & Squir LLP, 464 F. 3d 328 (2nd Cir 2006); Still v. DeBuono, 101 F.3d 888 (2nd Cir. 1996)  The District Court erroneously dismissed the Amended Complaint by not assuming the truth of the factual allegations contained in the Amended Complaint.  Reasonable inferences from the factual allegations in the Amended Complaint, the documents directly referenced in the Amended Complaint and extraneous documents referenced in the Plaintiff's opposition, clearly give rise to plausibly pled constitutional violations pursuant to the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983, 1985, 1986 and 1988, the Civil Rights Act, and under the law and statutes of the State of New York.  Therefore, the Amended Complaint should not have been dismissed as is argued below.

In order for the Plaintiff, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Aschcroft v. Iqbal, 129 S.Ct 1937, 1949 (2009) (quoting

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

Id. [Emphsis added]  Detailed factual allegations are not required to be pled, but a

plaintiff's entitlement to relief requires more than labels and conclusions or a

formulaic recitation of the elements of a cause of action. Twombly 550 U.S. at

555.

     A. Factual Allegations are contained in the Amended Complaint

     The District Court erred by finding the Amended Complaint was "devoid of

any allegation that Defendants Fisher or Bradley had *any* involvement in the

alleged constitutional violations.  Indeed, none of the facts alleged in support of the

plaintiff's constitutional claims even reference Fischer and Bradley by name."

(A572)  Although the Amended Complaint is pleaded somewhat un-decorously,

the factual allegations that are contained within the four corners of the Amended

Complaint and the documents directly referenced by the Amended Complaint do

give rise to valid 42 U.S.C. § 1983 claim.  Further, documents of which the District

Court should have taken judicial notice along with the Amended Complaint do

support a plausible and probable 42 U.S.C. § 1983.   The District Court failed to

take the factual allegations as true on their face and instead dismissed them out of

hand in direct contradiction of the legal standard set forth in by the Supreme Court

11

in  Aschcroft v. Iqbal, 129 S.Ct 1937, 1949 (2009) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007)).

    The Amended Complaint clearly alleges that Defendant FISCHER is a an

employee of the Defendant City of White Plains (Hereinafter "CITY") "acting

under the color of state and local law and in the furtherance of the interests of, at

the behest of and under the control of the defendant, THE CITY OF WHITE

PLAINS." Paragraph 16 (JA 50)  See also, Paragraphs 28, (JA 52-53), 33 (JA 54),

and 34 (JA 54)  Indeed, one of the elements of a 42 U.S.C. § 1983 claim is that that

the defendant have exercised power "possessed by virtue of state law and made

possible only because the wrongdoer is clothed with the authority of state law,"

West v. Atkins, 487 U.S. 42, 49 (1988)(quoting United States v. Classic, 313 U.S.

299, 326 (1941)); Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982); Parratt

v. Taylor, 451 U.S. 144, 152 (1970) Such actions may result in liability even if the

defendant abuses the position given to him by the state. Monroe v. Pape, 365 U.S.

167, 172 (1961).

    The Amended Complaint clearly states that Defendant BRADLEY is an

employee of the "CITY" "acting under the color of state and local law and in the

furtherance of the interests of, at the behest of and under the control of the

defendant, THE CITY OF WHITE PLAINS." See, Paragraph 17 (JA 50-51), and

at paragraphs 29 (JA 53), 38, 39 and 40 (JA 55).

The factual basis for the deprivation of the plaintiff's constitutional rights alleged is specifically pleaded in paragraphs 59 to 67 of the Amended Complaint (JA 58-60)  An illegally obtained search warrant was executed on the plaintiff's residence on June 21, 2011, by employees of the "City" including assistant district attorneys.  Property owned by the Plaintiff was taken from his home by police officers from the CITY pursuant to that illegally obtained search warrant.

The Amended Complaint specifically alleges that, prior to the date of the execution of the search warrant, that said search warrant was illegally obtained by employees of the CITY at paragraphs 68 and 69 and 71, 73, 74. (JA 60-63)  It was previously alleged that FISCHER and BRADLEY were employees of the CITY.

The Amended Complaint specifically alleges factual actions taken by the employees FISCHER and BRADLEY in obtaining the search warrant in paragraphs 74, 75, 76, 77 and 78. (JA 62-64) These allegations specifically include "Further, any information that was presented in connection with the aforesaid warrant was based only on conjecture, speculation and invalid grounds and lacked any merit, truth or factual foundation and as such, should have been rejected but instead the defendants elected to proceed with their application for the warrant and obtained said warrant on improper grounds based upon fabricated facts, fraudulent means and invalid means." See, Paragraph 76.  (A63)  Even though this paragraph only alleges "defendants" reference is made back to FISCHER and BRADLEY as

13

defendants.  Subsequently, paragraph 79 specifically alleges that the defendants and their employees, referencing BRADLEY and FISCHER acted in disregard for the Plaintiff's constitutional rights. (JA 64)

The Amended Complaint in the Second Cause of Action at paragraphs 97 and 98  specifically and factually alleges that the defendants, including and referencing defendants BRADLEY and FISCHER ordered and conducted an illegal search and seizure of the Plaintiff's residence in violation of his civil and constitutional rights. (JA 68)   See also Paragraphs 99-101 (JA 68-69).  At paragraph 103, there is a specific allegation o f disregard for the Plaintiff's civil and constitutional rights. (JA 69-70)

The Amended Complaint at paragraphs 109-113 (A71-72) factually alleges the suspension from employment of the plaintiff due to the Defendants actions and the policies of the CITY and COUNTY municipal defendants.  At paragraphs 157 and 158 (JA 83) specific reference is made to the Constitutional basis for the claims (First, Fourth, Fifth, Eighth and Fourteenth Amendments).   The factual allegation is made that the plaintiff was told that the investigation stemmed from anonymous postings on the Journal News Website. (JA 83) Therefore, the Amended Complaint is clearly not devoid of factual allegations as the District Court held.

14

It is not up to the District Court to pass judgment on allegations. The standard has been set forth by the Supreme Court in <u>Aschcroft v. Iqbal, 129 S.Ct 1937, 1949 (2009)</u> (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" The District Court must take factual matter pleaded in a complaint as true. Then the standard must be, is the factual matter pleaded plausible on its face? Are the facts as pleaded probable? The District Court passed judgment on the factual allegations contained in the Amended Complaint, failed to take the factual allegations as true and failed utterly to apply a test of plausibility.

If a test of plausibility is applied to the factual allegations in the Amended Complaint then clearly the Amended Complaint should not have been dismissed. The District Court erred in not taking the entire factual picture into consideration when determining plausibility.   The Plaintiff is PLEADING, not PROVING constitutional violations. <u>Aschcroft v. Iqbal, 129 S.Ct 1937, 1949 (2009)</u> (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)) stands for the proposition that the facts in a complaint must be plausible not proven. The time for PROVING allegations comes later in the litigation. Complaints do not have to be proven, according to the Supreme Court, but factually and plausibly pled. The District Court must take into account that because no criminal charges were filed, it was

15

nearly impossible for the Plaintiff to obtain the affidavit, or indeed any information about the affidavit, upon which the Search Warrant was based.  The record contains the Plaintiff's attempt, by Petition in Supreme Court, Westchester County, to obtain the affidavit prior to litigation. (JA 352-469)  It appears that the District Court, in fact, held it against the Plaintiff that the affidavit was not obtained prior to the Complaint.  The Plaintiff only has to plead facts that are plausible and probable based on the actions of the defendants.

It is clearly plausible on its face that Defendant FISCHER, who was the Plaintiff's supervisor, who opened an internal investigation and who was the directly mentioned in the Search Warrant, would be the person who signed the affidavit leading to the Search Warrant.   The allegation is factual and it is plausible.

It is clearly plausible based on the fact that the Plaintiff was *suspended at the time of the execution of the Search Warrant,* that Defendant BRADLEY who was the Chief of Police ordered the unconstitutional conduct.  It is clearly pleaded that the unconstitutional conduct is the seizure of the Plaintiff's, guns, badge and ID and the suspension of employment.   It is plausible and probable the Defendant BRADLEY was the individual actor because he was the Chief of Police at the time of the execution of the Search Warrant.  Further, the Plaintiff was told at the time

16

of the execution of the Search Warrant that the Chief ordered the unconstitutional

seizure.

The Amended Complaint does contain a plausibly pleaded version of events

clearly alleging plausible constitutional violations both by individual actors

(Defendants FISHER and BRADLEY) and municipalities (the CITY and

COUNTY).  The documents directly referenced in the Amended Complaint

completely support the factual allegations.  The Amended Complaint hangs

together as a plausibly pleaded complaint with a clearly factual basis as follows:

Plaintiff is a detective in the White Plains Police Department ("WPPD")

Defendant FISCHER was Plaintiff's supervisor at the time of the
constitutional violations.  (JA 242)

Defendant BRADLY was the Chief of Police at the time of the constitutional
violations. (JA 242)

On March 1, 2011, defendant  FISCHER himself, rather than the Internal
Affairs officer, caused an internal affairs investigation to be opened
regarding three anonymous postings that were previously posted on a blog
on the Journal Newswebsite regarding the former Mayor of White Plains,
Adam Bradley, who resigned as Mayor.  (JA 470)

The postings were apparently made under the screen name "ltfischer."
Thereafter, Lt. Fisher announced at a WPPD detective's meeting, to all in
attendance, that he had opened an Internal Affairs investigation to determine
who made the anonymous posting on the Journal News website.

On June 17, 2011, the defendants, improperly and illegally procured a search
warrant for the private home of Plaintiff, located in Thornwood, NY for
alleged evidence of violations of Forgery in the Second Degree (Penal Law
§170.10) and

17

Criminal Impersonation in the Second Degree (Penal Law §190.25)  (JA 152-153)

The search warrant allowed for the seizure of "Any and all computers as that term  is defined in Penal Law §156.00(1); any and all documents, either tangible or  computer data (as defined in Penal Law §156.00(3)), concerning "Eric Fischer"; any and all records of ownership and/or authorship residing on the seized computers that would be useful in ascertain the ownership and controls of the computer; and any and all information present on the computers that would reveal any prior unauthorized use of the computers via 'trap door hacking  programs." (A152-153)  Said warrant was signed by White Plains City Court Judge Eric Press.  (JA 152-153)

On June 21, 2011, at approximately 6:00A.M., four unidentified members of the Westchester County District Attorney's Office arrived at Mr. Vessa's home wearing tactical bullet proof vests with the words "POLICE" emblazoned on its back and with their weapons prominently displayed.  At that time, they showed him the search warrant and told him that they needed to search his computers. Plaintiff's wife and three year old child were also at home at that time.  At that time, Plaintiff inquired about the search and was told by the members of the Westchester County District Attorney's Office that it was related to "postings on the internet."  They also told him that "we don't want to be here.  We're here because your department came to us." They also stated to Plaintiff that "it's not a criminal matter, it's a civil matter."  When Plaintiff asked what that meant, the members of the Westchester County District Attorney's Office said to Plaintiff "I'm not sure how much of this is a problem between a supervisor and you or something … but we don't want to be here."  And advised him to "get a lawyer." They then seized Mr. Vessa's desktop computer, laptop iPad and external hard drive.  (JA 260-263)

Minutes after the search was conducted, Lt. Fitzmaurice, internal affairs officer of the "WPPD," arrived at Plaintiff's home.  He asked Plaintiff to turn over his badge and guns, including his personal firearms.  When Plaintiff asked why, Lt. Fitzmaurice told him that "The chief is concerned that you may hurt yourself," in which Plaintiff replied "well, tell the chief I'm fine."  Further, he was advised by Lt. Fitzmaurice that he was suspended from duty and directed him to turn over his weapons, shield ID and key to the police department premises.  Plaintiff's shield and duty weapon were

already in his department locker, however, he turned over four personal handguns that he had in his home. (JA 264-266)

Plaintiff remained on suspension from duty until July 15, 2011, when WPPD informed him that he could come back to work, but that he would have to work "inside" and that his on-duty and personal firearms would not be returned until after the "criminal investigation was resolved." Plaintiff's personal firearms were not returned to him by the WPPD until December 2012. Plaintiff's desktop computer, laptop, iPad and hard driver were finally returned thereafter. (JA 266- 267)

No criminal charges were ever filed against the Plaintiff. (JA 268)

Notices of Claim were served on Defendant Westchester County (hereinafter "County") and Defendant City of White Plains (hereinafter "City") on September 16, 2011. (JA 156-159)

Statutory 50-H hearings of Plaintiff were conducted by the City and County defendants on December 7, 2011 and December 15, 2011, respectively. Plaintiff testified to all the occurrences, including but not limited to, the comments made by the members of the Westchester County District Attorney's Office at his home on June 21, 2011. (JA 253-351)

B. Extraneous documents should have been considered.

In opposition, to motions to dismiss, the Plaintiff referenced extraneous documents in support of the Amended Complaint, ie. (i) a printout from the WPPD indicating that an Internal Affairs investigation was opened by Defendant FISCHER in March 2011 (JA 470); and (ii) Plaintiff's counsel's affirmation and exhibits in connection with an earlier, related state court petition to obtain the affidavit upon which the Search Warrant is based. (JA 237-474) The District Court held that the Plaintiff did not cite specific allegations or case law to support the Court considering these documents. Plaintiff did cite case law in the

19

memorandum of law in opposition (JA483).  Further, the Amended Complaint

clearly indicates that FISCHER acting under color of authority Paragraph 16 (JA

50)  in his capacity as an employee and/or police officer Paragraph 16 (JA 50)  did

cause an illegal investigation and promulgated an illegal search warrant (JA 58-60)

that violated the plaintiff's civil rights . (JA 69-70)

   The WPPD printout clearly supports this factual allegation and clearly falls under

the case law cited.  (JA 470) The WPPD printout supports the factual allegation

that it was Defendant FISCHER who signed the affidavit in support of the search

warrant.  Put another way, the WPPD clearly makes it plausible that Defendant

FISCHER is the complainant for the search warrant.  Defendant FISCHER'S

involvement is clearly factually plausible and probable.

       The District Court is not limited to the four corners of a Complaint, but

instead may consider written instruments attached to it, or any statements or

documents incorporated in it by reference.  Chambers v. Time Warner, Inc. 282

F.3d 147 (2d Cir. 2002), documentation of events alleged to have occurred (Smith

v. Westchester, 769 F. Supp. 2d 448, 461 (S.D.N.Y. 2011), as well as documents

of public record and of which judicial notice may be taken under FRCP 201.  Pani

v. Empire Blue Cross Blue Sheild, 152 F.3d 67 (2d Cir. 199); Kramer v Time

Warner, Inc., 937 F2d 767 (2d Cir. 1991).  Further, "Where a plaintiff chooses not

to attach to the complaint or incorporate by reference a document upon which it

solely relies and which is integral to the complaint, the court may nevertheless take the document into consideration in deciding [a] motion to dismiss without converting the proceeding to one for summary judgment"  Int'l Audiotext Network 62 F3d at 72 (quoting Cortec Indus., Inc. v. Sum Holding, LP 949 F2d 42, 47 (2d Cir 1991))

The pleadings in the Amended Complaint do not have to be proven as they are pleaded.   The District Court must take the allegations as pled and treat them as if they are true.  The Supreme Court clearly set forth this standard pursuant to Rule 8 of the Federal Rules of Civil Procedure    Aschcroft v. Iqbal, 129 S.Ct 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  The sufficiency of the factual matter pleaded in the Amended Complaint is clearly bolstered by the extraneous documents.  The extraneous documents make the Amended Complaint more plausible and probable and not less plausible and probable.  Because the District Court must take the factual matter pleaded in the Amended Complaint as true, then the extraneous documents unless they can be shown to contradict the pleadings, can only serve to make the Amended Complaint more plausible and probable.  Clearly the District Court is promulgating a higher

21

standard for review of the allegations in the Amended Complaint than is supported by the Supreme Court in <u>Aschcroft v. Iqbal, 129 S.Ct 1937, 1949 (2009)</u>.

 C. The District Court held the Plaintiff's allegations to a higher legal standard

  The District Court in footnote 8 states that "The Court notes that even if it were to consider these documents, they in no way prove the allegations for which the Plaintiff cites to them." (A574) Any facts contained in the extraneous documents do not have to "prove" the allegations in the Amended Complaint. <u>Aschcroft v. Iqbal, 129 S.Ct 1937, 1949 (2009)</u>.

  The WPPD printout along with the wording of the Search Warrant make the allegations against Defendant FISCHER more probable and plausible which is the correct standard for review. Curiously, the District Court holds that " … that the warrant permits members of the District Attorney's office to seize documentation concerning defendant Fischer does not necessarily suggest that Fischer himself had any involvement whatsoever in procuring the warrant, nor does it suggest, assuming Fischer did procure the warrant, that he did so using fraudulent and deceptive means." (A575) This may not "necessarily suggest" that Defendant FISCHER had any involvement but it certainly supports that it is plausible and probable that FISCHER was involved. Therefore, for the District Court to find that

the Fourth Amendment claim against FISCHER is based on "nothing more than rank speculation and unsubstantiated allegations" (A575) is incongruous with the standard that the allegations in the complaint must be plausible and probable. The plaintiff has pleaded a plausible and probable First and Fourth Amendment violations against Defendant FISCHER with substantiating documentation as indicated in the above argument.

The District Court found that Plaintiff failed to prove First and Fourth Amendment violations against Defendant BRADLEY. The District Court uses the same inapplicable higher standard with regard the allegations against Defendant BRADLEY. As Chief of Police at the time of the incident, it is entirely probable and plausible that he acted in concert with Defendant FISCHER. The plausibility of this allegation is supported by the FACT that the plaintiff was suspended at the time of the execution of the Search Warrant and for a time after the incident, and had his guns, badge and I.D. confiscated under the direct orders of Defendant BRADLEY. That is, in fact, direct participation in the actions that violated the Plaintiff's constitution rights under the First and Fourth Amendments. Defendant BRADLEY was, in fact, directly involved by giving the order to confiscate the Plaintiff's guns, badge and ID and suspend him from the force. This set of factual allegations is specifically pleaded in the Amended Summons.

23

At the point at which the District Court uses words like, "necessarily suggest" (A 575) and "nothing more than rank speculation and unsubstantiated allegations" (A 575)and  "they in no way prove the allegations" (A 574) and "Plaintiff's unsubstantiated assertion that several 'disinterested' witnesses' will testify to Fischer's actions clearly does not demonstrate or prove that Fischer did, in fact, make the alleged statements at issue." (A574) is the point at which there is a clear departure from the proper standard of review for pleading pursuant to Rule 8 of the Federal Rules of Civil Procedure.   Again, the pleadings in the Amended Complaint do not have to be proven as they are pleaded.   The District Court must take the allegations as pled and treat them as if they are true.  The Supreme Court clearly sets forth this standard in  Aschcroft v. Iqbal, 129 S.Ct 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  The factual matter pleaded in the Amended Complaint is not open for interpretation by the District Court.  The District Court must take the facts as pleaded as true.  The facts that make up a 42 U.S.C. § 1983 claim are pleaded.  Documents that are referenced in the Amended Complaint do not contradict the pleaded facts.  Extraneous documents that reference the underlying fact pattern do not contradict the pleaded

facts. The only test that should be applied to the Amended Complaint is the plausibility and probability that constitutional violations took place.

The District Court failed to take the allegations as true at face value. Therefore, the District Court held the Amended Complaint to a higher standard than the Supreme Court requires in Aschcroft v. Iqbal, 129 S.Ct 1937, 1949 (2009).

Therefore, the Plaintiff's a 42 U.S.C. § 1983 Claim under the First and Fourth Amendments must stand as plausibly and probably pleaded. The Amended Complaint should not have been dismissed.

D. The District Court Erred in Dismissing the Fourth Amendment Claim

In dismissing the Fourth Amendment claim, the District Court finds that the "Amended Complaint is completely devoid of any specific factual allegations sufficient to give rise to an inference of deceit or recklessness on the part of Defendants." (JA 579) The Amended Complaint at paragraphs 69 (JA 61), 74 (JA 62-63), 76 (JA 63-64) and paragraph 158 (JA 83 does in fact plead these specific factual allegations. These allegations are plausible and probable on their face and because there is documentary evidence that supports the plausibility and probability of the allegations (see above).

25

Again the District Court is putting the cart before the horse and conflating inference with proof.  Sufficiency for a pleading is stating all of the elements of a cause of action.  The Amended Complaint clearly states all of the elements of a cause of action for a Fourth Amendment violation (see above).  The pleadings in the Amended Complaint do not have to be proven as they are pleaded.   The District Court must take the allegations as pled and treat them as if they are true. The Supreme Court clearly set forth this standard pursuant to Rule 8 of the Federal Rules of Civil Procedure.   Aschcroft v. Iqbal, 129 S.Ct 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

The question that the District Court had to ask about the allegations of the Amended Complaint was merely do the facts as stated give rise to a plausible and probable constitutional violation on its face.  Is it probable that out of all of the allegations contained in the Amended Complaint that these actors Defendants FISCHER and BRADLEY committed a constitutional violation of the Plaintiff's rights?  Is it plausible that out of all of the allegations contained in the Amended Complaint that these actors Defendants FISCHER and BRADLEY committed a constitutional violation of the Plaintiff's rights?

At the very least, a Search Warrant was executed on the Plaintiff which resulted in the search and seizure of his home, the confiscation of his property and his immediate suspension from the Police Force.  Afterwards, no criminal charges were filed.  These bare facts in themselves make it plausible if not probable that a constitutional violation occurred.  That Defendant FISCHER was the Plaintiff's immediate supervisor, that the search warrant specifically references Defendant FISCHER supports the plausibility and probability of the allegations;  That the WPPD report indicates that Defendant FISCher opened an internal investigation supports the plausibility and probability of the allegations;  That the search warrant was signed by a White Plains City Court Judge instead of a Judge within the jurisdiction of the Plaintiff's residence supports the plausibility and probability of the allegations.  That the search warrant was executed by investigators of the WCDA's office instead of police officers supports the plausibility and probability of the allegations.  That the plaintiff was suspended and his badge, ID and guns were taken at the time of the illegal search and seizure supports the plausibility and probability of the allegations.

Therefore, the District Court erred in ruling that " … he nevertheless fails to set forth any allegations supporting his purported belief that Defendants obtained the warrant using false or fabricated information."  (A 580)  Defendant FISCHER's personal involvement is sufficiently pleaded to be plausible and

27

probable.  It is clear that, although unorganized, there are sufficient allegations

based on sufficient factual matter to state a claim for unreasonable search and

seizure under the Fourth Amendment and therefore the *Monell* claim should stand.

A plaintiff can demonstrate that his right not to be searched and/or have his

possessions seized absent a warrant supported by probable cause "was violated

where the police officer submitting the probable cause affidavit 'knowingly and

intentionally, or with reckless disregard for the truth, made a false statement in his

affidavit' or omitted material information, and that such false or omitted

information was 'necessary to the finding of probable cause.'" Soares v.

Connecticut, 8 F3d 917, 920 (2d Cir. 1993) (quoting Golino v. City of New Haven,

950 F2d 864, 870 (2d Cir. 1991)); Martinez v. City of Schenectady, 115 F.3d 111,

115 (2d Cir. 1997); Rivera v. United States, 928 F2d 592, 604 (2d Cir. 1991).

E.  The District Court erred in dismissing the abuse of process claim

The District Court found that "Here, Plaintiff's bare allegations are utterly

insufficient to state a claim for malicious abuse of process."  (JA 583)  The

Amended Complaint clearly alleges all of the elements of the abuse of process

claim in paragraphs 69-74, (JA 61-63), 76 (JA 63-64) and  143-146 (JA 81-82).

These allegations are based on the actions of the defendants in obtaining the

warrant, executing the warrant, confiscating property and suspending the Plaintiff

from his employment.  Again, these allegations must be accepted as true and then

subjected to a test of plausibility and probability.  Aschcroft v. Iqbal, 129 S.Ct

1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

(2007)). "to survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'"   The District Court's use of language like "bare allegations" is a clear

indication that a standard of review in use is far above that which the Supreme

Court acknowleged in *Ashcroft, Id*.

The Amended Complaint at paragraphs 109-113 (JA 71-72) factually allege

the suspension from employment of the plaintiff due to the defendants actions and

the municipal Defendants policies.  At paragraphs 157 and 158 (JA 83) specific

reference is made to the Constitutional basis for the claims (First, Fourth, Fifth,

Eighth and Fourteenth Amendments).   The factual allegation is made that the

plaintiff was told that the investigation stemmed from anonymous postings on the

Journal News Website. (JA 83-84)  Further, the Plaintiff specifically indicates that

he was told by the District Attorney employees at the time of the execution of the

warrant that "this is a civil matter not criminal" and that this was a problem

between the plaintiff and his supervisor (JA 261)  Further, the Amended Complaint

clearly indicates that FISCHER acting under color of authority Paragraph 16 (JA

50)  in his capacity as an employee and/or police officer Paragraph 16 (JA 50)  did

cause an illegal investigation and promulgated an illegal search warrant (JA 58-60) that violated the plaintiff's civil rights . (JA 69-70)

The District Court holds that "Moreover, Plaintiff does not allege that Defendants improperly executed the warrant or used it for a purpose other than one for which the law created it." (JA 583) In fact, the Plaintiff does clearly allege that the suspension and confiscation of the Plaintiff's gun, badge and I.D. were part of the execution of the warrant. Therefore, Plaintiff clearly does plausibly and with probability plead all three elements of an abuse of process claim. See, Lukowski v. County of Seneca 2009 WL 467075 (W.D.N.Y. 2009) See, Cook v. Sheldon, 41 F.3d 73, 80 (2nd Circ. 1994) citing, Curiano v. Suozzi, 63 N.Y. 2d 113, 116 (1984) "The gist of the action for abuse of process lies in the improper use of process after it is issued. To show that regularly issued process was perverted to the accomplishment of an improper purpose is enough." [Dean v. Kochendorfer, 237 N.Y. 384, 390]

      F. The District Court erred in finding that plaintiff failed to plead a Due Process Claim

The District Court held in Footnote 7 that the Amended Complaint only contains passing reference to the Due Process Clause. (A572) The Amended Complaint at paragraphs 109 to 113 (JA 71-72) do in fact allege a Due Process

violation.  Factually alleged Amended Complaint is that the Plaintiff, *at the time of the execution of the search warrant*, was suspended from his employment without due process of law and had his firearms, badge and ID confiscated.  Further, the Eighth  Cause of Action (JA83-84) specifically indicates at paragraph 157 "That this is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to the plaintiff by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States,  42 U.S.C. Section 1983 1985, 1986 and 1988, the Civil Rights Act, and arising under the law and statutes of the State of New York."

According to the standard set forth in Ashcroft, the Due Process allegations must be accepted as true on their face.  Aschcroft v. Iqbal, 129 S.Ct 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"    It is clearly alleged in the Amended Complaint that the Plaintiff was suspended at the time of the execution of the Search Warrant.  It is clearly alleged that this suspension was due to the actions of all of the defendants in violating the Due Process Clause of the Constitution of the United States.   There is no insufficiency in the pleading of the elements of a violation of the Due Process Clause.

31

Therefore, the only question the District Court should have asked is whether the facts as pleaded were probable and plausible.  Given the entire fact pattern stated in the Amended Complaint it is entirely plausible and probable that the Plaintiff's Due Process rights were violated.

G. The District Court erred in failing to consider the State Court Claims

The District Court erroneously eliminated all of the federal claims (JA 584).  Based on that erroneous ruling, the District then declined to exercise supplemental jurisdiction over any remaining state law claims.  <u>Kolari v. N.Y. Presbyterian Hospital</u>, 455 F.3d 118, 122 (2d Cir. 2006) (quoting <u>Carnegie-Melon Univ. v. Cohill</u>, 484 U.S. 342, 350, 350 n.7(1988).  Given the above arguments that the Amended Complaint properly pleaded all of the federal causes of action, the District Court should have considered the state law claims.

## CONCLUSION AND RELIEF SOUGHT

For all the reasons set forth above, the Motions to Dismiss by the City and County defendants should have been denied.  Therefore, the decision of Justice Edgardo Ramos, of the U.S. District Court for the Southern District of New York, should be reversed as it granted the Defendants' Motions and dismissed Plaintiff's Amended Complaint.  The case should be remanded back to Justice Edgardo Ramos for further review and to allow the Plaintiff certain discovery and/or to make an application to amend the Complaint.

Dated:   June 17, 2014
         New York, New York

Respectfully submitted,


_____/s/_____
Holly Ostrov-Ronai
RONAI & RONAI, LLP
*Attorneys for Plaintiff-Appellant*
   *Frank Vessa*
The Ronai Building
34 Adee Street
Port Chester, New York 10573
914-824-4777

## <u>CERTIFICATE OF COMPLIANCE WITH FRAP 32(a)</u>

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 5,510 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14 point font.

Dated:   June 17, 2014
       New York, New York

Respectfully submitted,

_____/s/_____
Holly Ostrov-Ronai
RONAI & RONAI, LLP
*Attorneys for Plaintiff-Appellant*
  *Frank Vessa*
The Ronai Building
34 Adee Street
Port Chester, New York 10573
914-824-4777

34

SPECIAL APPENDIX

**Table of Contents**

**Page**

Opinion and Order of the Honorable Edgardo Ramos,
    dated March 27, 2014, Appealed From ........................................   SPA1

Judgment of the United States District Court
    for the Southern District of New York,
    entered March 28, 2014, Appealed From ....................................   SPA19

Notice of Appeal, dated April 22, 2014 .............................................   SPA21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
FRANK VESSA,

                          Plaintiff,

          - against -

THE CITY OF WHITE PLAINS, THE CITY OF WHITE
PLAINS POLICE DEPARTMENT, DETECTIVE LT.
ERIC FISCHER, CHIEF BRADLEY, POLICE OFFICERS
"JOHN DOE and MARY DOE 1-10," said names being
fictitious and presently unknown, WESTCHESTER
COUNTY, and "JOHN ROE and MARY ROE 1-10,"
said names being fictitious and presently unknown,
persons intended being assistant district attorneys
and/or personnel of WESTCHESTER COUNTY,

                          Defendants.
------------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 3/27/14

**OPINION AND ORDER**
12-CV-6989 (ER)

Ramos, D.J.:

      Plaintiff Frank Vessa ("Plaintiff" or "Vessa") brings this action against Defendants the

City of White Plains (the "City"), the City of White Plains Police Department ("WPPD"),

Detective Lieutenant Eric Fischer ("Fischer"), Chief Bradley ("Bradley"), Police Officers John

Doe and Mary Doe 1-10 (the "John Doe Defendants"), Westchester County (the "County"), and

John Roe and Mary Roe 1-10 (the "John Roe Defendants") (collectively, "Defendants"), stating

claims pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's First, Fourth and Fourteenth

Amendment rights, as well as state law claims for intentional infliction of emotional distress and

defamation.[1]  Presently before the Court are the City and County Defendants' motions to dismiss

the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Docs. 27, 28.

For the reasons set forth below, Defendants' motions to dismiss are GRANTED.

---

[1] At the April 25, 2013 pre-motion conference, Plaintiff voluntarily withdrew the following four claims:  (i) violations of the Eighth Amendment; (ii) conversion; (iii) malicious prosecution; and (iv) respondeat superior.  *See* Min. Entry April 25, 2013.

## I.    Factual Allegations

The following facts are taken from the allegations in the Amended Complaint, which the

Court accepts as true for purposes of this motion.[2] *Famous Horse Inc. v. 5th Ave. Photo Inc.*,

624 F.3d 106, 108 (2d Cir. 2010).

Plaintiff alleges that on June 21, 2011, officers of the WPPD (i.e., the John Doe

Defendants) and "police officers, assistant district attorneys and/or officers" of the County (i.e.,

the John Roe Defendants) entered Plaintiff's family's residence in Thornwood, New York (the

"Residence") "pursuant to a search warrant."  Am. Compl. (Doc. 23) ¶¶ 59-67.[3]  Plaintiff claims

that the search warrant was wrongfully obtained by unspecified Defendants on "improper,

fraudulent and invalid grounds."[4]  *Id.* ¶¶ 68-69.  Specifically, Plaintiff claims that Defendants

failed to thoroughly investigate and corroborate "the credibility of informants [and]

complainants" and failed to validate or confirm the information upon which they negligently and

---

[2] The Court notes that the Amended Complaint contains a total of 179 paragraphs; however, the large majority of the allegations are duplicative and repetitive.  Indeed, of the 179 paragraphs, only a handful contain relevant facts supporting Plaintiff's purported claims.  The Court further notes that the Amended Complaint fails to clearly articulate and identify the causes of action upon which Plaintiff's claims are based.  Accordingly, as it is difficult to discern from the face of the Amended Complaint the claims upon which Plaintiff's action is based, the Court analyzes only those claims that are raised and discussed in the parties' papers.

[3] Defendants object to Plaintiff's reliance on the Amended Complaint filed on March 15, 2013, Doc. 24, as Plaintiff was directed to file the Amended Complaint on March 13, 2013.  *See* Min. Entry Feb. 13, 2013.  Although Plaintiff's counsel attempted to file an Amended Complaint on March 13, it was rejected due to a "filing error."  Doc. 23.  Plaintiff thereafter filed an Amended Complaint on March 15, Doc. 24, which Plaintiff asked the Court to deem as timely.  *See* Reply Declaration of Greg A. Ribreau ("Ribreau Decl.") (Doc. 39), Ex. 1.  However, in making such a request, Plaintiff failed to inform the Court that the Amended Complaint filed on March 15, 2013 contained three entirely new paragraphs (¶¶ 169-171) that were not contained in the version he attempted to file on March 13, 2013.  *Compare* Docs. 23 and 24.  As these allegations were not contained in the version of the Complaint filed on the March 13, 2013 deadline, the Court will not consider them on Defendants' motions to dismiss.  Moreover, the Court notes that the additional paragraphs purport to allege certain customs or policies on the part of the City and County, in an apparent attempt by Plaintiff to salvage his *Monell* claims against these municipal Defendants.  However, even if the Court were to consider these newly-added claims of alleged municipal customs or practices, it would not change the Court's determination, discussed *infra*, that Plaintiff has failed to state a Section 1983 claim against any of the Defendants because his allegations fail to allege an underlying constitutional violation.

[4] Plaintiff does not specify in the Amended Complaint which of the Defendants engaged in each individual act of alleged misconduct.  Rather, Plaintiff generally alleges that all "defendants" engaged in every act of alleged misconduct.  *See, e.g.*, Am. Compl. ¶¶ 68-79, 97-103, 107-109, 118-121, 125-134, 143, 158.

erroneously obtained the warrant. *Id.* ¶ 75. According to Plaintiff, the information upon which Defendants obtained the warrant was fabricated and otherwise based upon conjecture and speculation, and Defendants knew or should have known that the information was false. *Id.* ¶¶ 76-77. Plaintiff also alleges that Defendants wrongfully executed the warrant "during the early morning hours, in the presence . . . of [Plaintiff's] wife and young child and various neighbors and strangers, seriously and severely frightening, terrorizing, humiliating and embarrassing the plaintiff, causing the infliction of emotional and mental distress." *Id.* ¶ 70.

Plaintiff claims that in executing the warrant, Defendants illegally seized Plaintiff's property, including his electronics, computers, iPad, external hard drive, and four "off-duty" firearms.[5] *Id.* ¶¶ 97-100. Plaintiff further claims that at the time of the alleged illegal search, Defendants told him that his electronics and computers were being seized due to an investigation of Plaintiff concerning three anonymous postings on the Journal News website regarding Mayor Bradley leaving office as Mayor of White Plains. *Id.* ¶ 158. The comments were posted under the screen name "ltfischer," and included: (i) "You're welcome from the WPPD"; (ii) "Next Up Commissioner Chong GTHO"; and (iii) "Figure it out Yourself." *Id.*

Subsequent to the search and seizure, Plaintiff alleges that Defendants knowingly charged him with criminal offenses "of which he was wholly innocent," causing Plaintiff to be suspended from his employment as a police officer. *Id.* ¶¶ 107-109. Thereafter, in or around July 2011, the charges against Plaintiff "failed to be verified" and, as a result, Plaintiff's suspension was lifted. *Id.* ¶¶ 110-111. Plaintiff further claims that Defendants caused an illegal investigation to be initiated against him by various governmental law enforcement agencies. *Id.* ¶ 143.

---

[5] Although Plaintiff alleges in the Amended Complaint that Defendants repeatedly refused Plaintiff's requests for the return of his property, at the April 25, 2013 pre-motion conference, Plaintiff's counsel admitted that the seized property had, in fact, been returned to Plaintiff and, accordingly, withdrew Plaintiff's claim for conversion. *See* Min. Entry April 25, 2013.

3

Moreover, Plaintiff claims that in or around June and July 2011, Defendants knowingly made false and defamatory statements about him. *Id.* ¶¶ 125-127. Specifically, Plaintiff alleges that Defendants—and Defendant Fischer "in particular"—made the following false and defamatory statements: (i) that Plaintiff "was involved in kiddy porn," which was discovered on Plaintiff's computers; (ii) that Plaintiff was a "pedophile"; (iii) that Plaintiff "was guilty of criminal impersonation"; (iv) that Plaintiff "was guilty of forgery"; and (v) that Plaintiff "was having an illicit affair with [a female officer]." *Id.* ¶¶ 129-134.

## II.    Legal Standard

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), district courts are required to accept as true all factual allegations in the complaint and to draw all reasonable inferences in the plaintiff's favor. *Famous Horse Inc.,* 624 F.3d at 108. However, this requirement does not apply to legal conclusions, bare assertions or conclusory allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 681 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). In order to satisfy the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, a plaintiff is required to support its claims with sufficient factual allegations to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## III.    Plaintiff Fails to State a Section 1983 Claim[6]

---

[6] The City and County Defendants have separately moved to dismiss all of Plaintiff's claims against them. As noted above, Plaintiff fails, for the most part, to identify which Defendant engaged in each of the alleged illegal acts. Rather, Plaintiff generally alleges that the alleged wrongful acts were committed by "defendants, their servants, agents, police officers, chiefs, detectives, district attorney, assistant district attorneys, investigators and/or employees." *See supra* n.4. Accordingly, as the Amended Complaint fails to distinguish between the City and County Defendants, the Court analyzes the Defendants' motions to dismiss together.

Plaintiff brings a Section 1983 claim for alleged violations of his First, Fourth and Fourteenth Amendment rights. The crux of Plaintiff's action is that the execution of the search warrant on June 21, 2011 constituted an "unreasonable search and seizure" in violation of his Fourth Amendment rights, in that Defendants wrongfully obtained the warrant using fabricated information that Defendants knew or should have known was false. Am. Compl. ¶¶ 68-69, 75-77. Plaintiff also contends that Defendants' actions caused his "speech to be chilled" in violation of his First Amendment rights and constituted an "abuse of process" in violation of Plaintiff's Fourteenth Amendment rights.[7] *Id.* ¶¶ 144, 159.

### a. Against Defendants Fischer and Bradley

To the extent that Plaintiff seeks to hold Defendants Fischer and Bradley liable for his constitutional claims, those claims are dismissed as against them. Case law is clear that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Rahman v. Fisher*, 607 F. Supp. 2d 580, 585 (S.D.N.Y. 2009) (citation omitted). Here, the Amended Complaint is completely devoid of any allegation that Defendants Fischer or Bradley had *any* involvement in the alleged constitutional violations. Indeed, *none* of the facts alleged in support of Plaintiff's constitutional claims even reference Defendants Fischer and Bradley by name. Rather, Plaintiff merely repeatedly alleges that the wrongful acts were committed by "defendants, their servants, agents, police officers, detectives, chiefs, district attorney, assistant district attorneys, investigators and/or employees." Such vague

---

[7] Plaintiff asserts for the first time in his opposition papers that Defendants violated his Due Process rights in violation of the Fourteenth Amendment. *See* Pl.'s County Mem. L. Opp. (Doc. 36) at 25, Pl.'s City Mem. L. Opp. (Doc. 38) at 23-24. Although Plaintiff erroneously suggests that the Amended Complaint states a Due Process claim, the Due Process Clause is not cited or mentioned *anywhere* in the Complaint. Plaintiff's mere passing reference to the Fourteenth Amendment is clearly insufficient to state a Due Process claim absent *any* allegations that Defendants did, in fact, violate Plaintiff's Due Process rights. Accordingly, as Plaintiff cannot amend his complaint in his opposition papers, *Tomlins v. Vill. of Wappinger Falls Zoning Bd. of Appeals,* 812 F. Supp. 2d 357, 363 n.9 (S.D.N.Y. 2011), Plaintiff has failed to allege a Due Process claim and the Court therefore declines to analyze any such purported claim on Defendants' motions to dismiss.

allegations are clearly insufficient to establish "personal involvement" on the part of Defendants Fischer and Bradley and, accordingly, such claims as against them must be dismissed.

In an attempt to avoid dismissal of his Fourth Amendment claim against Fischer and Bradley, Plaintiff argues in his opposition papers that "the individual City defendants participated in and facilitated th[e] fraud," acting "in concert with the D.A.'s office from beginning to end" in order to "reach their goal of humiliating plaintiff, suspending him and confiscating his on-duty and personal weapons." Doc. 38 at 4. With respect to Defendant Fischer, Plaintiff claims that Fischer believed that Plaintiff made the anonymous postings under the screen name "ltfischer" and that Fischer opened an Internal Affairs investigation to determine who authored the anonymous postings. *Id.* at 5. Thus, according to Plaintiff, it is reasonable to assume that Fischer caused the illegal warrant to be issued in order to search Plaintiff's house to determine whether he, in fact, posted the alleged anonymous comments. *Id.*

In support of this argument, Plaintiff purports to rely upon several extraneous documents, including: (i) a printout from the WPPD indicating that an Internal Affairs investigation was opened by Fischer in March 2011; and (ii) Plaintiff's counsel's affirmation in connection with an earlier, related state-court petition. *See* Affirmation of Patrick Mullaney ("Mullaney Aff.") (Doc. 35), Exs. M, L. Plaintiff baldly contends, without citation to any case law or specific allegations within the Amended Complaint, that these documents are "incorporated/integral" to the Amended Complaint, and may therefore be considered by the Court on Defendants' motions to dismiss. Doc. 38 at 3. Contrary to Plaintiff's assertion, however, the Court may not consider either of the documents upon which Plaintiff relies. With respect to the WPPD "printout," Mullaney Aff., Ex. M, that document is not referenced *anywhere* in the Amended Complaint and, thus, cannot be considered on a motion to dismiss. *Cf. DiFolco v. MSNBC Cable L.L.C.,*

6

622 F.3d 104, 111 (2d Cir. 2010) (holding that a court may consider documents incorporated in the complaint by reference). Although Plaintiff contends—again, without citation to case law—that the Court may take judicial notice of his counsel's affirmation filed in the state court proceeding, *see* Mullaney Aff. ¶ 15, case law is clear that courts may take judicial notice of a document filed in another court "*not for the truth of the matters asserted* in the other litigation, but rather to establish the fact of such litigation and related filings." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) (internal quotation marks and citation omitted) (emphasis added). Plaintiff relies upon his attorney's prior affirmation, not to establish the "fact of" the prior state court proceeding, but rather, as support for his assertion that Fischer stated at a WPPD meeting that he opened an Internal Affairs investigation "and was going to get the guy who made the postings." Doc. 38 at 3. Accordingly, the Court does not consider the above-mentioned documents on Defendants' motions to dismiss.[8]

In further support of his argument, Plaintiff contends that it is "obvious" that Fischer was the "complainant" who "relay[ed] the information of the alleged crime to the police and ultimately to the D.A." because the warrant allows for the search and seizure of "all documentation, either in tangible or computer data . . . concerning '*Eric Fischer*.'" Doc. 38 at 5;

---

[8] The Court notes that even if it were to consider these documents, they in no way prove the allegations for which Plaintiff cites to them. The printout from the Police Department's website simply appears to indicate that Fischer made an incident report to the Internal Affairs Department on March 1, 2011; it does not appear to suggest that the report referred to the anonymous postings at issue or to Plaintiff himself. Mullaney Aff., Ex. M. With respect to Plaintiff's counsel's affirmation, although Plaintiff relies upon it in support of his assertion that Fischer made certain statements at a WPPD meeting, the affirmation merely states—without citation to *any* evidence—that "several disinterested witnesses . . . *will testify* that Lieutenant Fischer announced at a Detectives meeting that an 'official Internal Affairs investigation has been opened to determine who made the anonymous postings on the Journal News website.'" Mullaney Aff., Ex. L at 4-5 (emphasis added). Plaintiff's counsel's unsubstantiated assertion that several "disinterested witnesses" *will* testify to Fischer's actions clearly does not demonstrate or prove that Fischer did, in fact, make the alleged statements at issue.

*see* Loomba Aff., Ex. D (Search Warrant Order) (emphasis added).[9]  Contrary to Plaintiff's contention, however, that the warrant permits members of the District Attorney's office to seize documentation concerning Defendant Fischer does not necessarily suggest that Fischer himself had any involvement whatsoever in procuring the warrant, nor does it suggest, assuming Fischer did procure the warrant, that he did so using fraudulent and deceptive means.[10]  Accordingly, as Plaintiff's allegations that Defendant Fischer "participated in and facilitated [the] fraud" in order to "humiliat[e] plaintiff" are based on nothing more than rank speculation and unsubstantiated allegations, Plaintiff's Fourth Amendment claim against Fischer must be dismissed.

Finally, with respect to Defendant Bradley, Plaintiff relies upon hearsay statements purportedly made by members of the District Attorney's office while executing the warrant indicating that the "problem" was between Plaintiff and one of his "supervisors."[11]  Doc. 38 at 6. Plaintiff further references a statement by third-party Lieutenant Fitzmaurice, who allegedly told Plaintiff that he was confiscating Plaintiff's guns because "the chief is concerned that you may hurt yourself." *Id.*  Plaintiff contends that these statements indicate that "Chief Bradley directly participated in the events prior to, and including, the search warrant being executed by the DA's office." *Id.*  Alternatively, Plaintiff argues that even assuming Bradley did not directly participate in the alleged violation, "he certainly was well aware of Lt. Eric Fischer and the

---

[9] The Court may consider the Search Warrant Order, as it is clearly incorporated in the Amended Complaint by reference. *See* Am. Compl. ¶¶ 62, 69, 73-78, 131.  Indeed, the crux of Plaintiff's case is that Defendants wrongfully obtained the warrant at issue using fabricated and unsubstantiated information.

[10] The Court notes that the warrant states that there is "reasonable cause to believe that a search of the [Residence] will reveal evidence of violations of New York Penal Law Articles 170 (Forgery and Related Offenses) and 190 (Other Frauds), specifically Forgery in the second Degree . . . and Criminal Impersonation . . . ." Loomba Aff., Ex. D.

[11] Plaintiff testified to these hearsay statements during his examination pursuant to Section 50-h of the New York General Municipal Law. *See* Mullaney Aff., Ex. H at 27:2-12, 45:15-24. As Plaintiff's 50-h examination was explicitly referenced in the Complaint, *see* Am. Compl. ¶ 88, the Court may consider it on Defendants' motions to dismiss.

Westchester County District Attorney's Office's actions in securing the illegal search warrant and in the illegal searching of plaintiff's home and seizing of his computers" and failed to stop Fischer's "campaign against the plaintiff." *Id.* at 6-7.

The Court finds that Plaintiff has failed to state a Fourth Amendment claim against Defendant Bradley. First, Plaintiff fails to include *any* allegations in the Amended Complaint indicating that Bradley provided false and misleading information to the judge who issued the warrant or that Bradley had any involvement in obtaining the warrant. Indeed, far from alleging a plausible Fourth Amendment claim against Bradley, the Amended Complaint does not contain a *single* allegation concerning Bradley's role in the alleged wrongful acts giving rise to *any* of Plaintiff's claims. Rather, the only allegations concerning Bradley merely refer to the fact that Bradley was employed by the City as a police officer at all times relevant to Plaintiff's allegations. *See* Am. Compl. ¶¶ 17, 29, 37-40. Finally, with respect to the hearsay statements upon which Plaintiff relies in opposition to Defendants' motions to dismiss, those statements simply do not support Plaintiff's contention that Bradley was either personally involved in obtaining the warrant or was aware of the other Defendants' actions in obtaining the warrant. Moreover, even assuming Plaintiff was able to demonstrate that either Defendant Fischer or Bradley was involved in procuring the warrant, he has failed to allege any facts from which the inference can be drawn that in obtaining the warrant, either Defendant knowingly provided the court with false or fabricated information.

With respect to Plaintiff's First Amendment claim—addressed in more detail below— Plaintiff argues that he has successfully stated such a claim against Fischer and Bradley because the Complaint "sufficiently alleged" that Fischer and Bradley "personally participated" in obtaining the search warrant "from which all of plaintiff's family computers were unlawfully

seized, and which operated as a prior restraint of his First Amendment rights to free speech and

free expression." Doc. 38 at 10. However, for the reasons set forth above, contrary to Plaintiff's

contention, he has *not* "sufficiently alleged" that Fischer and Bradley were personally involved

in procuring the warrant permitting Defendants to search the Residence. Accordingly, as

Plaintiff's entire theory of liability with respect to his First Amendment claim against Bradley

and Fisher is based upon their alleged involvement in obtaining the warrant, and as the Court

finds that Plaintiff has failed to allege *any* personal involvement on the part of Bradley and

Fisher, Plaintiff's First Amendment claim against them must also be dismissed.

Accordingly, as the Amended Complaint is completely bereft of any allegations

concerning the individual Defendants' participation in the alleged constitutional violations,[12]

Plaintiff's claims against them are dismissed.

### b.  Municipal Defendants

As Plaintiff concedes, a municipality cannot be held liable under § 1983 for the acts of its

employees solely on a theory of *respondent superior. Monell v. Dep't of Soc. Servs. of City of*

*New York*, 436 U.S. 658, 694 (1978). A Section 1983 claim against a municipality can only be

sustained if the action that is alleged to be unconstitutional was the result of an official policy or

custom. *Id.* However, "*Monell* does not provide a separate cause of action for the failure by the

government to train its employees; it *extends* liability to a municipal organization where that

organization's failure to train, or the policies or customs that it has sanctioned, led to an

independent constitutional violation." *Segal v. City of New York,* 459 F.3d 207, 219 (2d Cir.

---

[12] With respect to Plaintiff's abuse of process claim, the Amended Complaint does not include a single allegation
that Fischer and Bradley participated in the acts giving rise to that claim, nor does Plaintiff argue in his opposition
papers that Fischer and Bradley had any personal involvement in those allegations. Accordingly, the abuse of
process claim—discussed in detail *infra*—is similarly dismissed as against Fischer and Bradley in light of Plaintiff's
blatant failure to include any allegations concerning their "personal involvement" in the alleged acts upon which that
claim is based.

2006).  Accordingly, under Second Circuit case law, a prerequisite to municipal liability under *Monell* is an underlying constitutional violation by a state actor.  *Id.*  Thus, once a "district court properly [finds] no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* [is] entirely correct."  *Id.*

For the reasons set forth below, the Court finds that because Plaintiff has failed to allege an underlying constitutional violation by a state actor, his Section 1983 claims against the City and County Defendants must fail.

### 1.  Fourth Amendment Claim

It is well-established that "all persons have a right to be free from arrest, search and seizure except on probable cause or pursuant to warrant."  *Bancroft v. City of Mount Vernon*, 672 F. Supp. 2d 391, 401 (S.D.N.Y. 2009).  There are three requirements for a valid search warrant: (i) the warrant must be issued by a "neutral, disinterested magistrate"; (ii) the person seeking the warrant must establish "probable cause to believe that the evidence sought will aid in a particular apprehension or conviction for a particular offense"; and (iii) the warrant must "particularly describe the things to be seized, as well as the place to be searched."  *Lynch v. City of Mount Vernon*, 567 F. Supp. 2d 459, 464-65 (S.D.N.Y. 2008) (quoting *Dalia v. United States*, 441 U.S. 238, 255 (1979)) (internal quotation marks and brackets omitted).  Where a warrant is obtained, a magistrate's "determination that probable cause exists to support the issuance of a warrant is entitled to 'great deference' from a reviewing court."  *Id.* at 465 (citing, *inter alia*, *United States v. Leon*, 468 U.S. 897 (1984)).  Under this highly deferential standard of review, a plaintiff challenging a warrant for lack of probable cause "faces a heavy burden."  *Rivera v. United States*, 928 F.2d 592, 602 (2d Cir. 1991).

Plaintiff's Fourth Amendment claim is based on the allegation that the warrant was not

supported by probable cause because it was fraudulently obtained using fabricated information that Defendants knew or should have known was false. Am. Compl. ¶¶ 68-69, 75-77. To establish that a warrant was issued on less than probable cause, a plaintiff must plead facts sufficient to show that the officer who procured or executed the warrant "knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit and that the allegedly false statement was 'necessary to the finding of probable cause.'" *Golino v. City of New Haven*, 950 F.2d 864, 870-71 (2d Cir. 1991) (quoting *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)). Thus, a plaintiff must make a "*substantial* preliminary showing" that the affiant knowingly and intentionally, or with reckless disregard for the truth, made a false statement in applying for the warrant. *Rivera*, 928 F.2d at 604 (citing *Franks*, 438 U.S. at 155-56) (emphasis added). "Unsupported conclusory allegations of falsehood or material omission cannot support a [ ] challenge [to the validity of the warrant]"; rather, the plaintiff must make "specific allegations" supported by evidence. *Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994) (holding that a Section 1983 plaintiff challenging a warrant on the basis that the defendants intentionally misled the judge who issued the warrant must make the same showing that is required at a suppression hearing under *Franks v. Delaware*, 438 U.S. 154 (1978)).

Here, the Amended Complaint is completely devoid of any specific factual allegations sufficient to give rise to an inference of deceit or recklessness on the part of Defendants. Rather, Plaintiff merely relies on bald allegations that unspecified "defendants" obtained the warrant on "improper" and "fraudulent" grounds," failed to validate or confirm the information upon which they based their application for the warrant, and knew or should have known that the information upon which the warrant was obtained was fabricated and otherwise based upon conjecture and speculation. Am. Compl. ¶¶ 68-69, 75-77. Such "unsupported conclusory allegations of

12

falsehood" are utterly insufficient to state a claim that Defendants obtained the warrant using

false or fabricated statements. Indeed, Plaintiff fails to include *any* factual allegations about the

purported false statements, including the false statements themselves, the identity of the person

who made the false statements, how the statements were false, or even that the false statements

were necessary to the judge's finding of probable cause. Moreover, even though Plaintiff

suggests that it "was not possible for [him] to set forth in his Amended Complaint the specific

false or misleading statements contained in the relevant . . . affidavits,[13] as plaintiff has never

possessed or viewed them," Doc. 38 at 4, he nevertheless fails to set forth any allegations

supporting his purported *belief* that Defendants obtained the warrant using false or fabricated

information. Accordingly, as Plaintiff has failed to allege sufficient factual matter to state a

plausible claim for unreasonable search and seizure under the Fourth Amendment, his *Monell*

claim must be dismissed.[14]

### 2. First Amendment Claim

Plaintiff alleges that on June 21, 2011, the date that the warrant was executed, Plaintiff

was informed by Defendants this his property was seized

> due to an investigation of Plaintiff regarding three anonymous
> postings on the Journal News website regarding Mayor Bradley
> leaving office as Mayor of White Plains, and posted under the

---

[13] Although Plaintiff repeatedly suggests that multiple affidavits were submitted to the judge who issued the warrant, the warrant clearly states that only *one* affidavit—submitted by Criminal Investigator Andrew Grascia-—was filed in support of the application for the warrant. Loomba Aff., Ex. D.

[14] In his opposition papers, Plaintiff sets forth additional allegations in support of his Fourth Amendment claim, including that: (i) "a search warrant was presented by Grascia, investigator with the District Attorney's office, to White Plains City Court Judge Eric Press for signing . . . despite the fact that Plaintiff does not reside in White Plains"; (ii) the warrant "purposely omitted the facts that the home of [Plaintiff] was the premises to be searched and that the complainant was a lieutenant in the WPPD, in an effort to further mislead the signing Judge"; and (iii) the warrant was "executed by members of the District Attorney's Office (rather than the WPPD) which is not the usual procedure." Doc. 36 at 12. Even assuming Plaintiff included factual support for these newly-raised conclusory allegations—he does not—they nevertheless do not compel a different outcome. None of the additional allegations contain sufficient factual matter from which the inference can be drawn that Defendants knowingly, or with reckless disregard for the truth, made false statements in applying for the warrant.

> screen name 'ltfischer' as follows: 'You're welcome from the WPPD'; 'Next up Commissioner Chong GTHO'; 'Figure it out yourself.'

Am. Compl. ¶ 158. Plaintiff further alleges that as a result of the foregoing, Plaintiff's "speech was caused to be chilled." *Id.* ¶ 159.

Although the basis of Plaintiff's First Amendment claim is not entirely clear from the face of the Amended Complaint, Plaintiff argues in his opposition papers that "when the defendants illegally and improperly seized plaintiff's computers from his home, his access to the internet was restrained and restricted, and his ability to freely express himself was chilled, in violation of his First Amendment rights." Doc. 36 at 20; *see also* Doc. 38 at 8-11. In making such an argument, Plaintiff relies on Supreme Court precedent that is *entirely* inapplicable and inapposite from the situation at issue here. Indeed, the cases upon which Plaintiff relies concern the "procedural safeguards [that] must be employed before expressive materials can be seized as 'obscene.'" *Fort Wayne Books, Inc. v. Indiana*, 489 U.S. 46, 62 (1989) (holding that the seizure of "literally thousands of books and films," which are "presumptively protected by the First Amendment," was improper prior to any determination that the books and films were "obscene"); *accord Maryland v. Macon*, 472 U.S. 463, 468 (1985) (holding that the First Amendment imposes "special constraints on searches for and seizures of presumptively protected material," including "allegedly obscene films, books, and papers").

Here, Plaintiff's computer and other electronic devices are clearly not "presumptively protected material" comparable to the books and films at issue in the above-cited cases. Plaintiff merely complains that Defendants' seizure of his computer "chilled" his access to the internet; such an argument is essentially akin to saying that "Defendants have taken away my pen and now I cannot write." Plaintiff does not—because he cannot—cite any authority in support of this

SPA15

novel and completely untenable theory of liability.  Moreover, Plaintiff does not allege that he was arrested or subject to an order prohibiting him from using the internet or otherwise publicly expressing himself, or that he was precluded from using a computer other than the one that was seized.  Accordingly, as the theory of liability for Plaintiff's First Amendment claim has no basis in either fact or law, it must be dismissed.

### 3.  Abuse of Process

In support of his purported malicious abuse of process claim, Plaintiff alleges that Defendants caused or directed a "prolonged and on-going false, fraudulent, fabricated, unwarranted, baseless, groundless and illegal investigation of the plaintiff by various government law enforcement agencies," and that such actions constituted an "egregious abuse of process, power and authority."  Am. Compl. ¶¶ 143-144.  In his opposition papers, Plaintiff offers an alternative theory of liability for his abuse of process claim, based upon Defendants' alleged actions in obtaining a search warrant "with improper motive and intent to do harm, in order to harass/embarrass Plaintiff and to help WPPD defendants [] suspend him."  Doc. 36 at 19.  Although the Court is not required to consider Plaintiff's new theory of liability, raised for the first time in his opposition papers, *see Tomlins,* 812 F. Supp. 2d at 363 n.9, the Court nevertheless finds that Plaintiff fails to state a claim for abuse of process under *either* proposed theory of liability.

Under New York law, "a malicious abuse of process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse o[r] justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process."  *Savino v. City of New York*, 331 F.3d 63, 76-77 (2d Cir. 2003) (quoting *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994)).

Malicious abuse of criminal process also supports liability under Section 1983. *Id.* The Second

Circuit has noted that the torts of malicious prosecution and abuse of process are "closely allied";

whereas malicious prosecution concerns the improper issuance of process, "the gist of abuse of

process is the improper use of process after it is regularly issued." *Cook*, 41 F.3d at 80 (internal

quotation marks, brackets and citations omitted); *accord Dean v. Kochendorfer*, 237 N.Y. 384,

390 (N.Y. 1924) ("To show that regularly issued process was perverted to the accomplishment of

an improper purpose is enough.").

      Here, Plaintiff's bare allegations are utterly insufficient to state a claim for malicious

abuse of process. First, although Plaintiff vaguely refers to an ongoing "illegal investigation," he

does not claim that Defendants employed *any* legal process with respect to that alleged

investigation. *Cook*, 41 F.3d at 80 ("[L]egal process means that a court issued the process, and

the plaintiff will be penalized if he violates it.") (citation omitted). Moreover, Plaintiff fails to

allege that the investigation was undertaken with intent to harm and for the purpose of obtaining

a collateral objective outside the legitimate ends of the process. With respect to Plaintiff's

newly-advanced theory, the legal "process" Plaintiff alleges was abused was the application for

and issuance of the warrant for the search of the Residence. However, because the Court has

already determined that Plaintiff has failed to overcome the "heavy burden" required to

successfully challenge the validity of the warrant, *see infra* pp. 11-13, Plaintiff's abuse of

process claim must similarly fail. *See Smolicz v. Borough/Town of Naugatuck*, No. 04 Civ. 855

(WWE), 2006 WL 2085291, at *10 (D. Conn. July 25, 2006), *aff'd*, 281 F. App'x 32 (2d Cir.

2008). Moreover, Plaintiff does not allege that Defendants improperly executed the warrant or

used it for a purpose other than one for which the law created it. *See id.*; *see also Kaminski v.*

*Hayes*, 06 Civ. 1524 (CFD), 2009 WL 3193621, at *9 (D. Conn. Sept. 30, 2009) ("Although

[plaintiff] claims that there was insufficient probable cause to apply for and issue the search

warrant based on the false allegations of [defendants], he does not allege that the warrant was

issued for a purpose other than one for which the law created it.  Accordingly, the claim for

abuse of legal process is dismissed.").  Although Plaintiff alleges that Defendants acted with an

"improper motive" and with intent to harass and embarrass him in obtaining the warrant, such

allegations do not suggest that Defendants acted with an ulterior *purpose* or *objective*, but merely

with an improper *motive*, which is not actionable.  *See Savino*, 331 F.3d at 77 ("[T]he New York

Court of Appeals has made clear that '[a] malicious motive alone . . . does not give rise to a

cause of action for abuse of process.'") (citation omitted).  Accordingly, as Plaintiff has failed to

state a claim for abuse of process under either theory advanced, his abuse of process claim is

dismissed.[15]

## IV.    Plaintiff's State Law Claims

Where, as here, all federal claims are eliminated before trial, the "traditional 'values of

judicial economy, convenience, fairness, and comity'" weigh in favor of declining to exercise

supplemental jurisdiction over any remaining state law claims.  *Kolari v. N.Y.-Presbyterian*

*Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S.

343, 350, 350 n.7 (1988)).  Having dismissed all federal claims asserted in the Amended

Complaint, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law

claims.  28 U.S.C. § 1367(c)(3).  Therefore, Plaintiff's claims for defamation and intentional

---

[15] Plaintiff's reliance on *Lukowski v. Cnty. of Seneca*, No. 08 Civ. 6098 (MAT), 2009 WL 467075, at *8 (W.D.N.Y. Feb. 24, 2009), is misplaced, as there, the court based its holding that Plaintiff adequately pled all three elements of his abuse of process claim on the fact that plaintiffs "alleged that defendants used the subpoena for anything other than obtaining testimony and documents from plaintiffs, which are the purposes for which a subpoena is used." Accordingly, the court held that Plaintiff adequately alleged that defendants' use of the subpoenas constituted "'collateral objectives' outside the legitimate ends of the process." *Id.* Here, unlike in *Lukowski*, Plaintiff does *not* allege that the search warrant was used for any purpose other than the purpose for which it was issued; i.e., to search Plaintiff's Residence and seize the property described in the warrant.

SPA18

infliction of emotional distress are DISMISSED without prejudice.

**V.    Conclusion**

For the reasons set forth above, Defendants' motions to dismiss are GRANTED.  The

Clerk of the Court is respectfully directed to terminate the motions and close this case.  Docs. 27,

28.

It is SO ORDERED.

Dated:    March 27, 2014
          New York, New York

_____
Edgardo Ramos, U.S.D.J.

Case 1:12-cv-06989-ER   Document 44   Filed 03/28/14   Page 1 of 2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

Frank Vessa,

        Plaintiff,         **12 CIVIL** 6989 (ER)

    -against-             **JUDGMENT**

The City of White Plains, The City of White Plains
Police Department, Detective Lt. Eric Fischer,
Chief James M. Bradley,  John Doe M-10
*said names being ficticious and presently unknown,*
Mary Doe 1-10
*said names being ficticious and presently unknown,*
John Roe 1-10
*said names being ficticious and presently unknown,*
*persons intended on being assistant district attorneys*
*and/or personnel of Westchester County*,  Mary Roe 1-10
*said names being ficticious and presently unknown,*
*persons intended on being assistant district attorneys*
*and/or personnel of Westchester County,*
Westchester County,

        Defendants.
-------------------------------------------------------------X

    Defendant Westchester County having moved to dismiss the amended complaint

pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 27), on June 14, 2013, and Defendants Chief James

M. Bradley, Detective Lt. Eric Fischer, The City of White Plains, and The City of White Plains

Police Department, having moved to dismiss the amended complaint pursuant to Fed. R. Civ. P.

12(b)(6) (Doc. # 28), on June 14, 2013, and the matter having come before the Honorable

Edgardo Ramos, United States District Judge, and the Court, having rendered its Opinion and

Order  (Doc. # 43), on March 27, 2014 granting Defendants' Motions to Dismiss and dismissing

the Amended Complaint, it is,

    **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in

the Court's Opinion and Order, dated March 27, 2014, Defendants' motions to dismiss are

granted; accordingly, the case is closed.

**Dated:**  New York, New York
         March 28, 2014

                                        **RUBY J. KRAJICK**
                                        _____
                                            **Clerk of Court**
                              **BY:**
                                        _____
                                            **Deputy Clerk**

Case: 14-1274     Document: 33     Page: 63     06/17/2014     1250194     63

SPA21

Case 1:12-cv-06989-ER   Document 41-1   Filed 02/28/14   Page 2 of 10
Case 7:12-cv-06989-ER   Document 45   Filed 04/25/14   Page 2 of 8

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_Frank Vesa_

(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

THE CITY OF WHITE PLAINS, THE CITY OF WHITE PLAINS POLICE DEPARTMENT, DETECTIVE LT. ERIC FISCHER, CHIEF JAMES M BRADLEY, POLICE OFFICERS "JOHN DOE and MARY DOE 1-10", said names being fictitious and presently unknown, WESTCHESTER COUNTY DISTRICT ATTORNEY'S OFFICE, and "JOHN DOE and MARY ROE 1-10", said names being fictitious and presently unknown, persons intended to be assistant district attorneys and/or personnel of the WESTCHESTER COUNTY DISTRICT ATTORNEY'S OFFICE

_12_ CV _6989_ ( _ER_ )(   )

**NOTICE OF APPEAL**

Notice is hereby given that the following parties: _Frank Vesa_

(list the names of all parties who are filing an appeal)

in the above-named case appeal to the United States Court of Appeals for the Second Circuit

from the ☒ judgment ☒ order entered on: _3/27/14 - Order_
_3/28/14 - Judgment_

that:

(date that judgment or order was entered on docket)

_Dismissed the Amended Complaint_

(If the appeal is from an order, provide a brief description above of the decision in the order.)

Dated _4/22/14_

Signature _[signature]_

Name (Last, First, MI) _Ronai, Holly Ostrov_

Address _Ronai and Ronai, LLP, 34 Adee Street_   City _Port Chester_, State _New York_  Zip Code _10573_

Telephone Number _(914) 824-4777_

E-mail Address (if available) _hostravronai@ronaifirm.com_

---

*Each party filing the appeal must date and sign the Notice of Appeal and provide his or her mailing address and telephone number, EXCEPT that a signer of a pro se notice of appeal may sign for his or her spouse and minor children if they are parties to the case. Fed. R. App. P. 3(c)(2). Attach additional sheets of paper as necessary.

Rev 12/23/13